JAN 23 2026 PM12:37
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Anthony Dewayne Knight,
Plaintiff,
as Trustee and Real Party in Interest for
ANTHONY DEWAYNE KNIGHT IRREVOCABLE TRUST,

v.

8:26-cv-200-JLB-SPF

ALL IN CREDIT UNION;
CARIBOU FINANCIAL, LLC;
GTE FINANCIAL;
JOHN/JANE DOES 1-10,
Defendants.

**COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF**
(Truth in Lending Act, Regulation Z, Regulation W)

**I. JURISDICTION AND VENUE**

1. This action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Regulation Z (12 C.F.R. Part 1026), and Regulation W (12 U.S.C. §§ 371c & 371c-1).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1640(e).

3. Venue is proper in this District under 28 U.S.C. § 1391.

**II. PARTIES**

4. Plaintiff Anthony Dewayne Knight is a natural person and resident of Florida.

5. Plaintiff appears solely in his fiduciary capacity as Trustee and Real Party in Interest for the ANTHONY DEWAYNE KNIGHT IRREVOCABLE TRUST pursuant to Fed. R. Civ. P. 17(a).

6. Defendant All In Credit Union is a creditor involved in the subject transaction.

7. Defendant Caribou Financial, LLC participated as a broker, facilitator, or processor.

I.F.P

8. Defendant GTE Financial participated as an affiliate, counterparty, or servicer.

9. Defendants John/Jane Does 1–10 participated in the unlawful conduct alleged.

### III. FACTUAL ALLEGATIONS

10. Defendants originated a closed-end consumer credit transaction secured by personal property.

11. The transaction included fees, charges, and third-party compensation.

12. Required disclosures were inaccurate, incomplete, or misleading.

13. Plaintiff suffered damages as a result.

### IV. TILA AND REGULATION Z VIOLATIONS

14. Defendants failed to disclose the true finance charge.

15. The APR was understated due to improper exclusion of finance charges.

16. The amount financed was misstated and not properly itemized.

17. Defendants failed to identify fee payees and retained affiliate fees.

### V. REGULATION W VIOLATIONS

18. Affiliate participation triggered Regulation W safeguards.

19. Defendants failed to comply with arm's-length requirements and collateral limitations.

20. No exemption to Regulation W was disclosed or applied.

### VI. DAMAGES AND RELIEF

21. Plaintiff seeks statutory damages, actual damages, declaratory relief, injunctive relief, disgorgement of unlawful fees, and costs.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*, Trustee

Anthony Dewayne Knight
Trustee and Plaintiff, Pro Se
as Fiduciary for
ANTHONY DEWAYNE KNIGHT IRREVOCABLE TRUST
P.O. Box 5055
Hudson, FL 34674